```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF SOUTH CAROLINA
                   ANDERSON DIVISION
```

**WILLIAM PRINCE,** individually and on  )
behalf of similarly situated persons,  )
                                       )  Case No. _____
              Plaintiff,               )
                                       )
     v.                                )  **JURY TRIAL DEMANDED**
                                       )
**PERFECT DELIVERY, INC.** and         )
**PERFECT DELIVERY NORTH**             )
**AMERICA, INC.,**                     )
                                       )
              Defendants.              )

## **COMPLAINT**

Plaintiff William Prince, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1. Defendants together operate approximately 21 Papa John's franchise stores in South Carolina and North Carolina, including stores within this Division. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to

fall below the federal minimum wage during some or all workweeks.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at their Papa John's stores.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants operate Papa John's stores in this District, Defendants employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5. Defendants Perfect Delivery, Inc. and Perfect Delivery North American, Inc. are South Carolina corporations, which together have operated Papa John's stores in South Carolina and North Carolina during times relevant, including stores within this Division.

6. Defendants constitute a "single employer" or "single integrated enterprise" because they share common ownership,

2

financial control and management, conduct interrelated operations, and maintain centralized control of labor relations.

7. Alternatively and/or cumulatively, Defendants constitute joint employers of Plaintiff and other similarly situated employees as Defendants exercise control over those employees' work or working conditions, Defendants maintain an arrangement to share employees' services, Defendants act directly or indirectly in the interest of each other in relation so the employees, and/or Defendants are not disassociated with respect to the employees' employment and may be deemed to share control of the employees, directly or indirectly, because they are under common control.

8. Plaintiff William Prince was employed by Defendants as a delivery driver at their Papa John's store in Easley, South Carolina from about October 2015 to December 2016. From about December 2016 to February 2017, he was employed as a manager at the same store, but he continued to perform deliveries during that time. Plaintiff Prince's consent to pursue this claim under the FLSA is attached hereto as "Exhibit 1."

**General Allegations**

*Defendants' Business*

9. Defendants own and operate approximately 21 Papa John's stores, including stores within this District and this Division.

3

10. Defendants' Papa John's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Automobile Reimbursement Policy*

11. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

12. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

13. Defendants' delivery driver reimbursement policy reimburses drivers for the vehicle costs incurred in performing their jobs based on between 5% and 6% of a customer's price of the order delivered, excluding the delivery charge and sales tax.

14. The average price of a delivery order excluding the delivery charge and sales tax is about $16.50, thus the average reimbursement per delivery is about $.83 ($16.50 x. 5%) to $.99 ($16.50 x 6%).

15. Such reimbursements equate to a per-mile reimbursement far below the IRS standard business mileage reimbursement rate

4

or any other reasonable approximation of the cost to own and operate a motor vehicle.

16. This policy applies to all of Defendants' delivery drivers.

17. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

18. During the applicable FLSA limitations period, the IRS standard business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan ranged between $.571 and $.592 per mile between 2014 and 2016 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

19. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used

5

to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

20. Defendants’ reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants’ benefit.

21. Defendants’ systematic failure to adequately reimburse automobile expenses constitutes a “kickback” to Defendants such that the hourly wages they pay to Plaintiff and their other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

22. Defendants fail to reasonably approximate the amount of their drivers’ automobile expenses to such an extent that their drivers’ net wages are diminished beneath the federal minimum wage requirements.

23. In sum, Defendants’ reimbursement policy and methodology fail to reflect the realities of delivery drivers’ automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

24. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

25. Defendants paid Plaintiff $7.25 per hour during the time he worked as a delivery driver, including a tip credit applied to the time he performed deliveries.

26. The federal minimum wage has been $7.25 per hour since July 24, 2009.

27. During the time Plaintiff worked for Defendants as a delivery driver, he experienced an average round-trip delivery distance of at least 7 miles per delivery and Defendant reimbursed him based on 6% of the retail price of each delivery order, excluding the delivery charge and sales tax.

28. Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiff was approximately $.14 per mile ($.99 per delivery / 7 average miles per delivery) or less.

29. During this same time period, the lowest IRS standard business mileage reimbursement rate in effect was $.54 per mile,

7

which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.40 ($.54 - $.14) per mile. Considering Plaintiff's estimate of about 7 average miles per delivery, Defendants under-reimbursed him about $2.80 per delivery ($.40 x 7 average miles).

30. Defendants did not ask Plaintiff to track his actual automobile expenses.

31. During the time he worked for Defendants as a delivery driver, Plaintiff typically averaged approximately 2 deliveries per hour.

32. Thus, Plaintiff consistently "kicked back" to Defendants approximately $5.60 per hour ($2.80 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $1.65 per hour ($7.25 per hour nominal wage rate - $5.60 per hour "kickback") or less.

33. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near

the federal minimum wage before deducting unreimbursed business expenses.

34. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

35. While the amount of Defendants' actual reimbursements per delivery may have varied over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Papa John's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

36. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

37. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal minimum wage to

9

their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

### Collective Action Allegations

38. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

39. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

40. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

41. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d.    They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

    e.    They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f.    They were subject to the same pay policies and practices of Defendants;

    g.    They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h.    They were reimbursed similar set amounts of automobile expenses per delivery; and

    i.    They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

**Count I: Violation of the Fair Labor Standards Act**

42. Plaintiff reasserts and re-alleges the allegations set forth above.

43. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

44. Defendants are subject to the FLSA's minimum wage requirements because they constitute an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

45. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

46. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

47. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

48. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

49. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in

12

failure to compensate delivery drivers at the federal minimum wage.

50. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

51. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

52. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

53. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated

damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

54. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**MANN LAW FIRM, P.A.**

s/John P. Mann, Jr.
John P. Mann, Jr.
Attorney ID #5513
512 East North Street
Greenville, SC  29601
(864)243-8358
jpm@mannlaw.org


**PAUL LLP**
Richard M. Paul III
(*pro hac vice* application forthcoming)
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone:   (816) 984-8100
Facsimile:   (816) 984-8101
Rick@PaulLLP.com

and

**WEINHAUS & POTASHNICK**
Mark Potashnick
(*pro hac vice* application forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Email: (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS**

15